



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Taylor Carlisle
County Attorney, Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-5849
Re: Whether the County Attorney
under the given facts can
by his own personal action
without the consent or ap-
proval of the Commissioners'
Court dismiss an assistant
county attorney and cause
the payment of his salary
stopped.

Your letter of June 15, 1944, requesting the opinion of this department on the questions stated therein, is in part as follows:

"The office now known as Criminal District Attorney, has since the creation of the office in Kaufman County, carried the name of County Attorney. The legislature passed a law permitting the County Attorney to make application to the Commissioners' Court for the change of name of County Attorney to Criminal District Attorney but it did not alter the salary nor duties and this was done in this County, since the order was passed the courts have held that this law was unconstitutional by reason of the fact that the office of County Attorney was a constitutional office. In this County The County Attorney has always performed the duties of District and County Attorney, prosecuting all criminal cases in the District, County and all Justice of the Peace Courts. After the people voted against the fee system the Commissioners Court set the salaries of the officials in this county under Art. 3912 e, Sec. 13, and this office is now operating under this statute.

"Under Art. 331 of the Civil Statutes an Assistant was appointed, said article providing among other things that "at whose will they shall hold office"

meaning the assistant to hold under the will of
the principal, the County Attorney. Also in
this connection I cite you Art. 326 q. Sec. 4,
5 and 6 and Art. 3902 of the Civil Statutes. In
the appointment the County Attorney and/or Crim-
inal District Attorney made application to the
Commissioners Court setting out the proposed
assistants name and salary and the Court passed
an order confirming the appointment on the ap-
plication.

"QUESTION: Can the County Attorney and/or
Criminal District Attorney under the above state-
ment of facts, by his own personal action, without
the consent or approval of the Commissioners Court
or any other official, dismiss an assistant and
cause the payment of his salary stopped?"

In your letter of June 16, 1944, pertaining to the
matters mentioned in your letter of June 15, you state:

"The original application and order of ap-
pointment does not set out any definite term for
the duration of the appointment, the term of
office for the principal was for 1943 and 1944
and the appointment of the assistant was made on
January 1st. 1943."

Kaufman County is one of the counties composing
the 86th Judicial District of Texas, and said County does
not have a District Attorney. The County Attorney of Kaufman
County performs the duties of District and County Attorney as
stated in your letter. It is apparent from the facts stated
in your letter and the statutes applicable thereto that the
constitutional office of County Attorney and the County Attorney
is the office and the officer mentioned in your inquiry and as
above stated, said County does not have a District Attorney, nor
does it have a Criminal District Attorney.

Kaufman County has a population of 38,308, according
to the 1940 Federal Census. Art. 331b and 331b-1 Vernon's
Annotated Civil Statutes, pertains to the appointment of assist-
ants to county attorneys performing the duties of district at-
torneys. It will be noted that these statutes are not applica-
ble to Kaufman County as the population of such county does not
bring it within the brackets mentioned in the foregoing statutes.
You state that an assistant was appointed under Art. 331 V.A.C.S.

Hon. Taylor Carlisle, page 3

This statute provides:

"County attorneys, by consent of the Commissioners' Court, shall have power to appoint in writing one or more assistants, not to exceed three, for their respective counties who shall have the same powers, authority and qualifications as their principal, at whose will they shall hold office. Before entering upon the duties of their offices, they shall each take the official oath, which shall be endorsed upon their appointment, which oath and appointment shall be recorded and deposited in the county clerk's office."

It is our opinion that when a County Attorney appoints an assistant, he must do so under the provisions of Art. 331, supra, and Art. 3902, Vernon's Annotated Civil Statutes. Stated another way, when a county attorney appoints an assistant, both of the foregoing articles (Art. 331 and Art. 3902) must be considered and construed together. Under these statutes, the assistant is appointed by the county attorney, with the consent and approval of the Commissioners' Court.

Generally speaking, a deputy or assistant, whose term is not fixed by law, and who is not appointed for any particular time, may be removed at will by the officer appointing him, where there is no law restricting or impairing his authority to do so.

The case of Findley et al, vs. Calloway, 246 S. W., 681, construing various statutes applicable to the appointment of a deputy public weigher, among other things, holds, in effect, that since the law provides for no particular duration of the term of a deputy public weigher, an appointment of a deputy is for a term coextensive with the tenure of office of the weigher who appointed him, unless the appointment is revoked or otherwise nullified.

The case of Keeper vs. Stewart, 66 S. W. 2d 812, construing Art. 2700, in connection with the other Articles cited in said case, holds in effect:

"That the county superintendent, not the county school trustees, is vested with the power to elect his assistant, from which it follows that he alone has the right to discharge her."

Neither Art. 331 nor Art. 3902, Vernon's Annotated

Hon. Taylor Carlisle, page 4

Civil Statutes, provide for any particular duration of the term of assistant county attorney. However, on the contrary, Art. 331, supra, expressly provides that an assistant county attorney shall have the same powers, authority and qualifications as their principal, at whose will they shall hold office.

In view of the foregoing authorities, it is our opinion that the county attorney can by his own personal action, without the consent or approval of the Commissioners Court or any other official, legally dismiss an assistant county attorney. It is our further opinion, that it necessarily follows that upon the dismissal or discharge of an assistant county attorney, his compensation would be stopped, as a matter of law.

Article 326 q., Vernon's Annotated Civil Statutes, mentioned in your letter was held invalid by the Supreme Court in the case of Hill County vs. Sheppard, February 23, 1944.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Ardell Williams
Assistant

AW:rt

APPROVED JUN 27, 1944

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN